UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MIDWEST FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, BOYD & SONS, INC., and MIKEL THORNTON,<br><br>Defendants. | CASE NO.: 4:22-cv-144 |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INTERPLEADER**

Plaintiff, Midwest Family Mutual Insurance Company ("Midwest Family"), by counsel, files its *Complaint for Declaratory Judgment and Interpleader*, and states:

**PARTIES**

1. Midwest Family is an Iowa corporation with its principal place of business in the State of Iowa. Midwest Family is therefore a citizen of the State of Iowa for the purposes of diversity jurisdiction.

2. Endurance American Specialty Insurance Company ("Endurance") is a Delaware corporation with its principal place of business in the State of New York. Endurance is therefore a citizen of the States of Delaware and New York for the purposes of diversity jurisdiction.

3. Boyd & Sons, Inc. ("Boyd & Sons") is an Indiana corporation with its principal place of business in Daviess County, State of Indiana. Boyd & Sons is therefore a citizen of the State of Indiana for the purposes of diversity jurisdiction.

1

4.     Defendant Mikel Thornton is an individual who maintains a residence in Jefferson County, State of Indiana, and is therefore a citizen of the State of Indiana for the purposes of diversity jurisdiction.

## JURISDICTION

5.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     This Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201.  An actual and substantial controversy exists between the parties.  Midwest Family seeks a declaration that it has exhausted its duty to defend and indemnify Thornton and Body & Sons (collectively, the "Boyd Defendants") under a liability insurance policy in connection with a separate action titled *Alhassan Gobah, Individually, and as Personal Representative of the Estate of Gameel Gobah (deceased), Qobol Gobah, Hassan Gobah, and Arwa Gobah v. Boyd & Sons, Inc. and Mikel Thornton*, which is pending in the United States District Court for the Western District of Texas, Waco Division, under Cause No. 6:22-cv-00711 (the "Gobah Action")

## VENUE

7.     Venue is proper in this District and Division pursuant to 28 U.S.C. §1391 because Defendant Thornton is a resident within this judicial district.

## FACTUAL ALLEGATIONS

### The Gobah Action

8.     On June 30, 2022, Alhassan Gobah, Individually, and as Personal Representative of the Estate of Gameel Gobah (deceased), Qobol Gobah, Hassan Gobah, and Arwa Gobah

(collectively the "Gobah Plaintiffs") filed the Gobah Action alleging negligence as to the Boyd Defendants. A true and correct copy of the Complaint field in the Gobah Action is attached hereto and incorporated herewith as Exhibit A.

9. The Complaint alleges that on February 14, 2021, Alhassan Gobah and Gameel Gobah operated their semi-truck on I-35 in Hill County Texas when they were forced to exit the semi-truck after hitting a median wall. *See* Exhibit A at ¶¶ 11-14.

10. At or around this same time, Mikel Thornton, acting within the scope of his employment with Boyd & Sons, was operating a semi-truck owned by Boyd & Sons when he lost control of the vehicle, slid across the roadway, and struck both Alhassan Gobah and Gameel Gobah. *Id*. ¶¶ 15-16.

11. As a result of the accident, Alhassan Gobah allegedly suffered serious injuries requiring treatment which included undergoing multiple surgeries. *Id*. at ¶18.

12. Gameel Gobah also allegedly sustained serious injuries as a result of the accident and ultimately died on March 25, 2021, allegedly due to those injuries. *Id*. at ¶19.

13. The Complaint asserts four (4) causes of action against the Boyd Defendants including negligence, gross negligence, negligent hiring, and negligent training, evaluation, and supervision. *Id*., generally.

14. According to the Complaint, the Gobah Plaintiffs are seeking damages in excess of $20 million for among other things pecuniary loss, loss of companionship and society, mental anguish, pain and suffering, and medical expenses; the Gobah Plaintiffs are also seeking punitive damages in excess of $10 million. *Id*. ¶¶ 49-53.

### *The Midwest Family Policy*

15. On the date of the accident, Midwest Family policy number CPIN0560114117 (the "Midwest Family Policy") was in effect providing Boyd & Sons $1 million in commercial auto liability coverage and an additional $1 million umbrella coverage. *See* Exhibit B, Declaration Page.

16. The insuring agreement of the Midwest Family includes Midwest Family's duties regarding defense and indemnity. With respect to the specific language dealing with the duty to defend, it provides:

> We [Midwest Family] will have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . [Midwest Family] may investigate and settle any claim or "suit" as we consider appropriate. *Our duty to defend or settle ends when the Covered Auto Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.*

Exhibit B at Form CA 00 20 10 13, p. 3 of 15 (emphasis added).

17. The Umbrella Coverage Form Insuring Agreement also contains similar language, providing:

> 1. Insuring Agreement
>
> a. [Midwest Family] will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. . . .
>
> But:
>
> …
>
> > (1) . *Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B*

Exhibit B at Form CU 00 01 04 13, p. 1 of 18 (emphasis added)..

### *The Endurance Policy*

18. On the date of the accident, Boyd & Sons also had an excess liability insurance policy with Endurance under policy number SEO-107368 (the "Endurance Policy"). *See* Exhibit C.

19. The Endurance Policy provides the Boyd Defendants excess coverage to the Midwest Family Policy. The relevant portion of the Endurance Policy states:

> **I.   COVERAGE**
>
> We will pay on behalf of the insured the amount of "loss" covered by this insurance in excess of the "underlying limits of insurance" subject to the **LIMITS OF INSURANCE** Section. This policy will follow form to the terms, conditions, definitions, and exclusions of the "first underlying insurance" in effect the first day of the Policy Period, except to the extent that the terms, conditions, definitions, and exclusions of this policy differ from the "first underlying insurance." In no event shall this policy provide broader coverage than is provided by any policy in the "underlying insurance" shown in Item 5 of the Declarations, except if specifically provided otherwise by endorsement.

Exhibit C at Form EXL 0203 0813, p. 1 of 2.

20. The Endurance Policy also contains language obligating Endurance to provide a defense. The relevant portion of the Endurance Policy provides:

> **III.   DEFENSE**
>
> We will follow the Defense provisions of the "first underlying insurance". In the event there are no Defense provisions contained in the "first underlying insurance", we will have the right, but not the duty to be associated with you or your underlying insurer or both in the investigation of any claim or defense of any suit which in our opinion may crate liability to our policy for "loss." If we exercise such right, we will do so at our own expense, but we will have no such expense obligation or liability once the Limits of Insurance are exhausted.

*Id*.

### *Midwest Family's Agreement to Exhaust its Policy Limits*

21. On May 24, 2022, by letter, Midwest Family informed Endurance it intended to tender its policy limits for both the general liability and umbrella policies to address the Gobah Plaintiffs' claims on behalf of the Boyd Defendants. *See* Exhibit D.

22. As Endurance provided the next layer of liability insurance coverage to the Boyd Defendants, Midwest Family requested that Endurance formally acknowledge that: (1) Midwest Family tendered the full $2 million policy limits; and (2) Endurance would agree to assume the Boyd Defendants' defense and indemnity. *Id*.

23. On June 2, 2022, Endurance responded to Midwest Family's letter by refusing to agree to Midwest Family's tender and exhaustion of its policy limits and claimed Midwest Family maintained its duty to defend the Boyd Defendants in the Gobah Action. *See* Exhibit E.

24. As a result of Endurance's refusal to acknowledge Midwest Family's tender of its policy limit and the subsequent satisfaction of Midwest Family's duty to defend the Boyd Defendants, Midwest Family has filed this Declaratory Judgment and Interpleader action seeking a declaration that Midwest Family has exhausted its obligations under the Midwest Policy including any duty to defend or indemnify the Boyd Defendants in the Gobah Action.

### INTERPLEADER AND DECLARATORY JUDGMENT

25. Midwest Family hereby reiterates and incorporates by reference the material allegations set forth in Paragraphs 1 through 24 herein.

26. The Gobah Plaintiffs seek damages resulting from the February 14, 2021, accident involving the Boyd Defendants.

27. Midwest Family will unconditionally tender to the Court the full $2 million policy limits under the Midwest Family Policy. In doing so, Midwest Family forfeits any and all rights

to claim a potential return of the tendered money should the Gobah Plaintiffs be awarded a lesser amount in the Gobah Action.

28. Midwest Family's tender of its $2 million policy limits will exhaust the extent of indemnity coverage under the Midwest Family Policy, at which point, per the unambiguous terms of the policy, Midwest Family will no longer have any potential duty to defend the Boyd Defendants. *See* B at Form CA 00 20 10 13, p. 3 of 15 ("Our duty to defend or settle ends when the Covered Auto Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements."); Form CU 00 01 04 13, p. 1 of 18 ("Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.").

29. Midwest Family seeks a judicial declaration that upon its tender of the policy limits to the Court, Midwest Family's obligations under the Midwest Family Policy to the Boyd Defendants, including providing a defense and indemnity, have been fulfilled and exhausted.

30. Midwest Family has included Endurance and the Boyd Defendants as Defendants in these proceedings to address any interest they may have after the exhaustion of the Midwest Family Policy.

WHEREFORE, Plaintiff Midwest Family Mutual Insurance ("Midwest Family") requests that this Court enter declaratory judgment holding that:

(1) Midwest Family has no duty to defend or indemnify Boyd & Sons and Mikel Thornton in the Gobah Action upon its unconditional tender of $2 million which represents the extent of Midwest Family Policy's limits; and

(2) All such other proper relief in the premises.

LEWIS WAGNER, LLP

By:    */s/ Richard K. Shoultz*
       RICHARD K. SHOULTZ, #15558-73
       EDMUND L. ABEL, #36293-49
       *Counsel for Plaintiff, Midwest Family Mutual Insurance Company*

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Main: 317-237-0500
Fax: 317-630-2790
rshoultz@lewiswagner.com
eabel@lewiswagner.com